# EXHIBIT 2

2/12/2020 3:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40788119
By: Carolina Salgado
Filed: 2/12/2020 3:36 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **9039 HOLDINGS, LP** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES 9039 HOLDINGS, LP, Plaintiff in the above styled and numbered cause, and files this Original Petition and in support of which would respectfully show the Court as follows:

## I.
## DISCOVERY LEVEL

Plaintiff designates Discovery Control Plan Level III pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure*. Pursuant to Rule 47(c) of the *Texas Rules of Civil Procedure*, Plaintiff seeks monetary relief greater than $200,000 and less than $1,000,000.

## II.
## PARTIES

Plaintiff 9039 Holdings, LP, (hereinafter "Plaintiff" or "9039 Holdings, LP") is a domestic limited partnership authorized to do business in the state of Texas.

Defendant Philadelphia Indemnity Insurance Company (hereinafter "Defendant" or "Philadelphia Indemnity"), is a foreign insurance carrier (TDI #18058) conducting business in the state of Texas and may be served with process by serving its agent for process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.
### VENUE AND JURISDICTION

Venue is proper in Harris County, Texas, pursuant to *Texas Civil Practice and Remedies Code* § 15.002 (a)(1) because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and the county where the property the subject of the dispute is located.  Further, this Court has jurisdiction over this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this court, exclusive of costs and interest, pursuant to *Texas Government Code* §24.007 *et. seq.*

### IV.
### VICARIOUS LIABILITY

Whenever it is alleged herein that Defendant committed any acts or omissions, it is also alleged that such acts or omissions were committed by Defendant's directors, officers, agents or employees while acting within the course and scope of their respective employment with Defendant or within the course of their agency relationship with Defendant.

### V.
### FACTS

Defendant Philadelphia Indemnity Insurance Company issued an insurance policy (hereinafter the "Policy"), identified as Policy No. PHPK1628447, designating Plaintiff 9039 Holdings, LP as the named insured. The Policy insured the commercial property located at 9039 Katy Freeway, Houston, Texas 77024 (hereinafter the "Property") against loss occurring from damage to the Property as a result of rain and windstorm, as is defined in the Policy. The term of the Policy was March 24, 2017 through March 24, 2018 and the Policy remained in full force and effect throughout the Policy term, including on the date of loss.

Philadelphia Indemnity represented to 9039 Holdings, LP that the insurance coverage specified under the Policy was appropriate coverage for 9039 Holdings, LP's Property and that the

Property was of such condition to be insurable with replacement cost coverage at the time of application of the Policy. Philadelphia Indemnity also represented that the Policy would pay monetary benefits to 9039 Holdings, LP in the event of damage to the buildings on the Property caused by rain and windstorm occurring during the effective dates of the Policy.

The buildings on the Property insured by Philadelphia Indemnity suffered substantial wind and water damage during the Policy term on or about August 27, 2017 (hereinafter the "date of loss").  The physical evidence reveals that the buildings on the Property were exposed to rain and high wind which caused substantial damage to the Property and compromised the integrity of the entire roofing system on each of the insured buildings, identified as Buildings #200 and #500. Plaintiff promptly provided notice of the loss to Philadelphia Indemnity and/or its agents, fully complying with its duties under the Policy for giving notice of losses and/or claims.

Philadelphia Indemnity retained Cunningham Lindsey to inspect and evaluate the storm damage. The adjustment of the property damage claim was later transferred to National General Adjusting. An engineer was sent to inspect the loss by Philadelphia Indemnity. The engineer reportedly concluded that recent wind-related intrusion of water to the interiors had not occurred as a result of the reported storm. The engineer, Mr. Feenstra, erroneously attributed the exterior and interior damages to multiple causes excluded from coverage under the policy of insurance. Specifically, the engineer determined that despite a lack of any significant history of water intrusion at the Property due to a deficiency in the drainage system the damage was caused by pre-existing design and performance defects.

Specifically, Philadelphia Indemnity's damage assessment ignores obvious weather-related damages to the roof systems, interior water penetration and water proofing performance of the roofs at the Property. Philadelphia Indemnity has been advised of these facts and Philadelphia

Case 4:20-cv-01207   Document 1-3   Filed on 04/03/20 in TXSD   Page 5 of 10


Indemnity has received actual notice of the additional damage sustained to the Property which was not addressed in its claim correspondence and evaluation reports.

Philadelphia Indemnity has failed and continues to fail to pay the full amount required to properly repair the Property, including the roofing system of the Property, for damages caused by the August 27, 2017 wind storm and accompanying rainfall, which qualifies as a covered cause of loss under the terms of the policy in effect at the time of the occurrence.

Given the evidence and analysis available to Philadelphia Indemnity that the August 27, 2017 storm caused extensive damage to the roofs of the Property, which compromised the integrity of the roofing system and caused interior damage to the property, coverage under the Policy for full and complete repairs was more than reasonably clear. However, to date, Philadelphia Indemnity has continually refused to provide for the repairs and/or replacement costs due 9039 Holdings, LP under the Policy.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to 9039 Holdings, LP causes of action against Philadelphia Indemnity have been performed or have occurred. Despite numerous demands by 9039 Holdings, LP that Philadelphia Indemnity pay the amounts due under the Policy, and Philadelphia Indemnity's initial partial payment, Philadelphia Indemnity subsequently determined that it owes nothing for damage to the roofs at 9039 Katy Freeway under the Policy, and Philadelphia Indemnity has failed and refused and continues to fail and refuse to pay the total value of the claim for which it is obligated to pay under the Policy.

PLAINTIFF'S ORIGINAL PETITION                                                    PAGE 4

## VII.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 542

Philadelphia Indemnity has delayed payment of the full amount of 9039 Holdings, LP'
claim for more than sixty (60) days after receiving all the required and requested items, evidence,
statements, and forms from 9039 Holdings, LP.  This conduct by Philadelphia Indemnity violates
§542 of the *Texas Insurance Code,* for which 9039 Holdings, LP now complains.  9039 Holdings,
LP has been compelled to engage the services of the undersigned attorneys for the prosecution and
collection of the sums pursuant to its claim.  Accordingly, 9039 Holdings, LP is entitled to recover
from Philadelphia Indemnity the additional sum of 18% *per annum* of the amount payable under
the Policy, together with reasonable attorneys' fees in the preparation and trial of this action,
including any appeals to the Court of Appeals or the Supreme Court of Texas.

## VIII.
## BREACH OF CONTRACT

It is well settled under Texas law that an insurance policy is an enforceable contract
between the insured and the insurance provider. Upon denial of proper payment of the claim,
Philadelphia Indemnity breached the insurance policy contract with 9039 Holdings, LP. The
breach of contract by Philadelphia Indemnity includes the breach of the duty to timely pay loss
benefits due to 9039 Holdings, LP under the Policy. In addition to the damages outlined below,
Philadelphia Indemnity's failure to comply with its contractual obligations to 9039 Holdings, LP
also resulted in actual damages as a result of being compelled to file suit to recover benefits and
proceeds to which 9039 Holdings, LP is legally entitled. 9039 Holdings, LP is also entitled to
reasonable attorneys' fees for breach of contract pursuant to *Texas Civil and Practice Remedies
Code* §38.001(8).

## IX.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 541
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

9039 Holdings, LP would additionally show that from the time its claim was presented to Philadelphia Indemnity, and given the voluminous evidence presented demonstrating the need for total roof replacement, Philadelphia Indemnity's liability to pay the full claim was more than reasonably clear. Philadelphia Indemnity failed to conduct a reasonable and proper investigation of the claim even when presented with sufficient evidence from 9039 Holdings, LP demonstrating the extent of the damage to the roofs of the Property. Upon the denial of full coverage, Philadelphia Indemnity breached its insurance contract with 9039 Holdings, LP. Due to the special relationship arising between Philadelphia Indemnity and 9039 Holdings, LP upon entering the insurance contract, Philadelphia Indemnity's wrongful withholding of benefits due under the Policy constitutes a breach of the duty of good faith and fair dealing between the parties to the insurance contract in violation of the common law duty of good faith and fair dealing and §541 of the *Texas Insurance Code*.

## X.
## DAMAGES

As a proximate and/or producing result of the wrongful acts or omissions of Philadelphia Indemnity as alleged in this Petition, 9039 Holdings, LP has suffered damages in excess of the minimum jurisdictional limit of this Court, including loss of benefits and proceeds due under the Policy, interest and penalties thereon, costs of court, and reasonable attorneys' fees in prosecuting this lawsuit against Philadelphia Indemnity.

## XI.
## EXEMPLARY DAMAGES

Through the wrongful denial and withholding of the full insurance benefits and proceeds owed to 9039 Holdings, LP, Philadelphia Indemnity's conduct was malicious, willful, wanton,

fraudulent, and/or done with actual conscious indifference to the rights or welfare of 9039 Holdings, LP or others similarly situated. Philadelphia Indemnity committed such acts as a corporation by and through its agents, servants and/or employees in their managerial capacity and within the course and scope of their employment and/or authority of their agency, and such acts were directly authorized or subsequently ratified by authorized representatives of Philadelphia Indemnity. As a result of Philadelphia Indemnity's conduct, 9039 Holdings, LP hereby sues for exemplary damages in the highest amount allowed by law.

## XII.
## DTPA VIOLATIONS

9039 Holdings, LP would additionally show that it is entitled to relief pursuant to the *Texas Deceptive Trade Practices-Consumer Protection Act* (hereinafter the "DTPA").  At the time Philadelphia Indemnity presented the Policy to 9039 Holdings, LP, Philadelphia Indemnity represented that benefits for property damage suffered as a result of August 27, 2017 wind and rain event during the Policy period would be paid to the extent necessary to repair the Property and replace the roofs with material of like, kind and quality.  Philadelphia Indemnitys' act of denying and withholding payment of benefits due under the Policy constitutes a material misrepresentation of the Policy benefits and violates §17.46(b) of the DTPA in that Philadelphia Indemnity represented that the Policy had characteristics, uses or benefits, which it did not, and that the Policy did not confer the protections and coverage as represented by Philadelphia Indemnity.  9039 Holdings, LP relied upon the representations of Philadelphia Indemnity to its detriment and such representations were material to the transaction and entering into the Policy by 9039 Holdings, LP.

The actions of Philadelphia Indemnity by failing to reasonably or properly investigate the claim or pay the full amount of the proceeds due to 9039 Holdings, LP were committed

intentionally and/or knowingly.  Given the amount of evidence presented by 9039 Holdings, LP demonstrating the damage sustained at the Property, Philadelphia Indemnity was actually aware at the time of the conduct of the falsity, deception, and unfairness of the conduct of which 9039 Holdings, LP now complains. 9039 Holdings, LP further alleges that Philadelphia Indemnity made these false misrepresentations with actual awareness of their falsity at the time they were made. Philadelphia Indemnity benefitted from the false representations by retaining benefits and proceeds due and owing 9039 Holdings, LP. As such, 9039 Holdings, LP is entitled to an award of treble damages stemming from Philadelphia Indemnity's actions in violation of the DTPA.

## XIII.
## DEMAND FOR JURY TRIAL

9039 Holdings, LP hereby demands a jury trial of the above styled and numbered cause. 9039 Holdings, LP is entitled to a trial by jury pursuant to the Constitution of the State of Texas, Art. 1, §15, Art. 5, §10 and *Texas Rule of Civil Procedure* 216. Payment of a jury fee accompanied the filing of this Petition.

## XIV.
## REQUEST FOR DISCLOSURE

Pursuant to *Texas Rule of Civil Procedure* 194, Plaintiff 9039 Holdings, LP, hereby serves Defendant Philadelphia Indemnity Insurance Company with its Request for Disclosure, to be answered within fifty (50) days of service of this Plaintiff's Original Petition.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff 9039 Holdings, LP respectfully requests that Defendant Philadelphia Indemnity Insurance Company be cited to appear and answer herein and that upon final trial judgment be entered for:

1.      Benefits payable under the insurance policy made the subject of this suit;

PLAINTIFF'S ORIGINAL PETITION                                                                    PAGE 8

2.      Damages for the harm suffered by Plaintiff and described in this petition in a sum as found by the trier of fact in excess of the minimum jurisdictional limit of the Court;

3.      Exemplary damages as found by the trier of fact;

4.      Treble damages as determined by the trier of fact for Defendant's actions in violation of the DTPA;

5.      18% interest *per annum* on the amounts payable under the Policy by the trier of fact pursuant to §542 of the *Texas Insurance Code*;

6.      Pre-judgment and post-judgment interest on all sums awarded to Plaintiff by the trier of fact at the highest interest rate allowed by law;

7.      An award of all costs of court;

8.      An award of reasonable and necessary attorneys' fees;

9.      Any and all other and further relief to which Plaintiff may show itself to be justly entitled at law or in equity.

Respectfully submitted,

*/s/ Randal L. Dean*
Randal L. Dean, SBN 00789249
**BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**
801 Wells Fargo Tower
201 Main Street
Fort Worth, TX 76102
T: (817) 338-4888 F: (817) 338-0700
E:rdean@brownpruitt.com

**ATTORNEY FOR PLAINTIFF**